**Carletus E. JACKSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–2817.

United States Court of Appeals, Seventh Circuit.

Argued May 14, 2001.

Decided May 23, 2001.

Before BAUER, ROVNER, DIANE P. WOOD, Circuit Judges.

ORDER

On April 3, 1995, Carletus Jackson pleaded guilty to charges of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, possession with

intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during and in relation to the drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c), and witness tampering in violation of 18 U.S.C. § 1512(b)(1). In December 1995, after Jackson pleaded guilty, but before he was sentenced, the Supreme Court announced its decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court held that a § 924(c) "use" conviction requires evidence sufficient to show active employment of a firearm, not just possession, during and in relation to the predicate drug crime. *Id.* at 142. Although *Bailey*'s change in the law may have provided grounds for Jackson to challenge his guilty plea and resulting § 924(c) conviction, Jackson did not do so and instead proceeded to sentencing. In April 1996, he was sentenced to 384 months of imprisonment, but in January 1997, his sentence was reduced substantially pursuant to Fed. R.Crim.P. 35(b) to 256 months of imprisonment, a term that included a 60–month consecutive sentence for the § 924(c) conviction. Jackson did not appeal either his sentence or conviction.

Instead, a few months later, in April 1997, Jackson filed a *pro se* § 2255 motion to vacate, set aside or correct his sentence. Jackson listed three grounds for his challenge: (1) his guilty plea lacked a factual basis in that neither the evidence nor the Rule 11 colloquy demonstrated the "using" or "carrying" of a firearm in accordance with *Bailey;* (2) Jackson's counsel was ineffective in failing to object to the government's lack of evidence in light of *Bailey;* and (3) the government had violated 21 U.S.C. § 851(a)(1) by not filing an information stating the previous convictions on which it was relying for sentencing. The district court denied Jackson's motion and also declined his request for a certificate of appealability on the § 851 issue. This court, however, granted a certificate of appealability on Jackson's first claim on November 21, 2000, in which two issues were identified: (1) whether Jackson's challenge to his § 924(c) conviction under *Bailey* was properly presented in light of his guilty plea and his failure to appeal; and (2) whether there was a sufficient factual basis under *Bailey* for Jackson's plea of guilty to using and carrying a firearm. (Our grant of a certificate of appealability did not reach Jackson's ineffective assistance of counsel claim, and we reject any implicit invitation he may be offering to expand the case now to include it.) We review the district court's legal decision *de novo* and its findings of fact for clear error. *Gray–Bey v. United States*, 156 F.3d 733, 737 (7th Cir.1998).

As counsel for the United States acknowledged, the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), disposes of the first issue presented in the certificate of appealability. There the Court ruled that a petitioner who was convicted before *Bailey* for conduct that *Bailey* makes clear is not criminal conduct, may bring a § 2255 collateral challenge to the conviction, notwithstanding the entry of a guilty plea. In this situation, the Court reasoned, the defendant has not made a knowing and voluntary plea: "neither [the defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *Id.* at 618. Additionally, the petitioner's failure to appeal does not preclude a § 2255 challenge. Instead, the petitioner has only procedurally defaulted his claim. As is normally true with procedural default, his case may go forward only if he can either claim cause for his failure to appeal and prejudice resulting therefrom, see *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), or actual innocence, *Bousley*, 523

U.S. at 622. Here, *Bousley* establishes that the actual innocence route is available to Jackson, and he may present the claim that he did not "use" or "carry" a firearm, as those terms are defined in the statute.

■ Turning to the second issue, we must now determine whether, using *Bailey* standards, the district court had before it a sufficient factual basis for Jackson's plea of guilty on the firearms count. See *Stanback v. United States*, 113 F.3d 651, 656 (7th Cir.1997). Because the underlying count charged a conspiracy, we look at not only Jackson's own conduct but also the conduct of his co-conspirators that was in furtherance of the conspiracy and reasonably foreseeable to Jackson. *Woodruff v. United States*, 131 F.3d 1238, 1243 (7th Cir.1997). The government concedes that it cannot establish "use" under the new *Bailey* rules, but argues that it did establish "carrying," the definition of which was not affected by *Bailey*. See *Broadway v. United States*, 104 F.3d 901, 904 (7th Cir. 1997) ("*Bailey* interpreted only the 'use' prong and left the 'carry' prong untouched."). *Bailey* itself emphasized that conduct not rising to the level of "use" may still fall within the separate "carry" prong. 516 U.S. at 150. See also *Muscarello v. United States*, 524 U.S. 125, 136–37, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (considering the "carrying" part of the statute and comparing it to *Bailey*'s holding about "use"). Accordingly, pre-*Bailey* convictions can still be affirmed where the actions of a defendant or his co-conspirators clearly fit the definition of "carry" even if they may not also qualify as "use." This is true even when an indictment charges a defendant with "using *and* carrying." See *Arango–Alvarez v. United States*, 134 F.3d 888, 891 n. 2 (7th Cir.1998).

When he pleaded guilty, Jackson made the following signed stipulation of fact: "During and in relation to the course of the cocaine base trafficking conspiracy charged in Count 1 of the Superseding Indictment, defendant Carletus Jackson's co-conspirators carried firearms." There is language in some decisions of this court suggesting that this kind of stipulation, standing alone, is insufficient to provide a factual basis for a plea with respect to "carrying" firearms. See *United States v. Martinez*, 169 F.3d 1049, 1055 (7th Cir. 1999); *Stanback, supra*, 113 F.3d at 658. We do not need to decide here whether *Martinez* and *Stanback* stand for the proposition that stipulations like Jackson's are never sufficient, as a matter of law, to support a conclusion that a firearm was "carried" for purposes of § 924(c) or if there was something about the context of those cases that necessitated a look at additional evidence in the record. Here, the government proffered several witnesses at the plea hearing who were prepared to testify to concrete facts that fall within the ordinary meaning of "carrying." One witness would testify "that he saw the defendant in the possession of a weapon during crack cocaine dealing." Additionally, two other proffered witnesses would testify that "they saw the defendant in possession of a small handgun while he had a quantity of crack cocaine available for sale at a location in Paducah [Kentucky]." The government also offered a witness who "would testify about other members of this conspiracy also having firearms in addition to the defendant." When asked during the Rule 11 colloquy, Jackson stated that this proffered testimony, as well as the facts set forth in the stipulation of facts, was "substantially correct." Finally, we can look to the presentence investigation report, see *Howard v. United States*, 135 F.3d 506, 509–10 (7th Cir.1998), in which the court was informed that "Henry Moss indicated that Carletus Jackson carried a 9 mm handgun and had threatened Moss if he ever informed law enforcement about Jackson's drug related activities. Carletus Jackson was also ob-

served by Anthony Powell to be in possession of two bags of cocaine and a derringer pistol on one occasion in Paducah, Kentucky."

These statements make this case quite different from *Stanback*, in which we found that a boilerplate stipulation that the defendant "used and carried" the firearm was insufficient to support a § 924(c) plea. First, the defendant in *Stanback* would have understood the "use" part of that stipulation to refer to passive employment, which turned out to be incorrect under *Bailey*. Because the stipulation lifted the entire phrase from the statute, it was unclear whether the defendant had focused separately on the "carrying" allegation. Looking at the record before the district court, it also turned out that the stipulation was supported only by evidence that a gun was located on a coffee table in a room in which a drug transaction was being conducted. Because it was unclear how the weapon came to rest upon the coffee table and because there was no other evidence of "carrying," we allowed the plea to be withdrawn. 113 F.3d at 659. In *Martinez*, in contrast, there was additional evidence that supported the stipulated "carrying." 169 F.3d at 1055. Here, as in *Martinez*, Jackson's stipulation that his coconspirators "carried" firearms in furtherance of the drug conspiracy was supported by the testimony of several other witness statements. Each proffered statement alone may not have supported the plea, but, taken as a whole, these statements provide a sufficient basis for the § 924(c) conviction.

We therefore AFFIRM the district court's denial of the § 2255 motion.